BETTY H. RICHARDSON
United States Attorney
United States Attorney's Office
Box 32
Boise, Idaho  83707
Telephone:  (208) 334-1211

RICHARD R. WARD
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:  (202) 307-5867



Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF IDAHO

| | |
|---|---|
| DIVERSIFIED METAL PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> T-BOW COMPANY TRUST, INTERNAL REVENUE SERVICE, and STEVE MORGAN, <br><br> Defendants. | ) ) ) ) ) ) ) ) Civil No. 93-405-E-EJL ) ) <u>UNITED STATES' ANSWER AND CLAIM</u> ) ) ) ) ) ) |

The United States of America, through undersigned counsel hereby responds to the numbered paragraphs of plaintiff's complaint as follows:

1.  The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 and, on that basis, denies the allegations.

UNITED STATES ANSWER AND CLAIM - 1

9393990P.ANS

2. The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and, on that basis, denies the allegations.

3. The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and, on that basis, denies the allegations.

4. Denies that the Internal Revenue Service is an agency of the United States Government but admits that the United States of America would be a proper party to this action. Admits that the IRS has served a Notice of Levy on plaintiff for funds owed to defendant Steve Morgan.

5. Admits that the IRS has made a demand on plaintiff for payment of funds owed to Steve Morgan. The United States is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and, on that basis, denies the remaining allegations.

6. Admits that Exhibits A and B are attached and are respectively, a copy of a letter from Lonnie Crockett and a copy of a Notice of Levy served by the IRS.

7. The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and, on that basis, denies the allegations.

UNITED STATES ANSWER AND CLAIM - 2

9393990P.ANS

8.   Admits that copies of two checks in the amounts of $504.00 and $345.60 are attached to the complaint as Exhibit C.

9.   The United States is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, on that basis, denies the allegations.

10.   Paragraph 10 contains allegations of law to which no response is required.

11.   Paragraph 11 contains allegations of law to which no response is required.

### FIRST DEFENSE

Plaintiff is not entitled to an award of attorney fees or costs that would diminish the recovery of the United States.

### SECOND DEFENSE

The Internal Revenue Service is not a proper defendant and the United States should be substituted in its place.

### THIRD DEFENSE

The United States has not waived its sovereign immunity to suit.

### FOURTH DEFENSE

Plaintiff's complaint should be dismissed for insufficient service of process on the United States.

### FIFTH DEFENSE

Plaintiff's complaint fails to state a jurisdictional basis for suit.

UNITED STATES ANSWER AND CLAIM - 3

9393990P.ANS

## CLAIM OF THE UNITED STATES

1. This claim is made pursuant to 26 U.S.C. Sections 7401 and 7403, at the direction of the Attorney General of the United States, with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

2. On May 29, 1989, a delegate of the Secretary of the Treasury made an assessment of unpaid personal income taxes against Steven and Koreen Morgan in the amount of $516.50, including penalties and interest, for the taxable period ending December 31, 1988.

3. Notice of and demand for payment of the taxes described in paragraph 1 above was given to and made on Steven and Koreen Morgan in accordance with 26 U.S.C. § 6303.

4. Notice of Federal Tax Lien with respect to the assessment described in paragraph 1 above was filed with the Madison County Recorder, Rexburg, Idaho on August 30, 1993.

5. On May 31, 1993, a delegate of the Secretary of the Treasury made an assessment of unpaid personal income taxes against Steven Morgan in the amount of $2,565.21, including penalties and interest, for the taxable period ending December 31, 1989.

6. Notice of and demand for payment of the taxes described in paragraph 4 above was given to and made on Steven Morgan in accordance with 26 U.S.C. § 6303.

UNITED STATES ANSWER AND CLAIM - 4

7.   Notice of Federal Tax Lien with respect to the assessment described in paragraph 4 above was filed with the Madison County Recorder, Rexburg, Idaho on August 30, 1993.

8.   On May 31, 1993, a delegate of the Secretary of the Treasury made an assessment of unpaid personal income taxes against Steven Morgan in the amount of $2,393.28, including penalties and interest, for the taxable period ending December 31, 1990.

9.   Notice of and demand for payment of the taxes described in paragraph 7 above was given to and made on Steven Morgan in accordance with 26 U.S.C. § 6303.

10.   Notice of Federal Tax Lien with respect to the assessment described in paragraph 7 above was filed with the Madison County Recorder, Rexburg, Idaho on August 30, 1993.

11.   Despite notice and demand, Steve Morgan has failed to pay the taxes assessed and there remains due and owing to the United States the sum of $5,474.99, plus accrued interest, penalties, and other statutory additions.

12.   On or about August 3, 1993, the Internal Revenue Service served a Notice of Levy on Steve Morgan's employer, Diversified Metal Products, Inc., requesting payment of all monies owed to Steve Morgan by Diversified Metal Products.

13.   The interpleaded fund contains money that is owed to Steve Morgan by Diversified Metal Products, Inc. to which the federal tax lien attaches.

UNITED STATES ANSWER AND CLAIM - 5

9393990P.ANS

14. The United States claims priority to the interpleaded fund in such amount remaining after satisfaction of the claims of competing claimants to the fund who are entitled to priority over the United States.

WHEREFORE, the United States of America prays the Court:

1. Adjudge and decree that the defendant the United States of America has valid and subsisting liens in the amount of $5,474.99, plus accrued interest, penalties, and other statutory additions.

2. Determine the rights, titles, and interest of the parties to the fund; and

3. Grant the United States its costs and such other further relief that is just and proper.

Respectfully submitted this 18th day of November, 1993.

BETTY H. RICHARDSON
United States Attorney

*/s/ Richard R. Ward*
RICHARD R. WARD
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-5867

UNITED STATES ANSWER AND CLAIM - 6